**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
HARRISBURG, PA

DEC 04 2025

PER _____
DEPUTY CLERK

VISHAL BIRSINGH

    (Enter above the full name of
    plaintiff in this action)

CIVIL CASE NO: 4:25-cv-2317
(to be supplied by Clerk
of the District Court)

v.

ACE HIGH INVESTMENTS, LLP,

LITTLE WHEEL LLC,

JACK ETHERINGTON,

HENRY A. ANDREWS,

LEE DAVID VARTAN.

    (Enter above the full name of
    the defendant(s) in this action)

1. The plaintiff **VISHAL BIRSINGH**, a citizen of the County of **CENTRE**, State of Pennsylvania, residing at **837 Ashworth Lane, Boalsburg, PA 16827** wishes to file a complaint under **18 U.S.C. §§ 1961–1968 (Civil RICO), 18 Pa.C.S. § 911 (Pennsylvania Corrupt Organizations Act), 73 P.S. § 201-1 et seq. (Pennsylvania Unfair Trade Practices and Consumer Protection Law), and Pennsylvania common law**.

2. The defendants are: ACE HIGH INVESTMENTS, LLP (UK) LITTLE WHEEL LLC (NJ) JACK ETHERINGTON (UK/NJ) HENRY A. ANDREWS (MD) LEE DAVID VARTAN (NJ)

3. **STATEMENT OF CLAIM:** See attached Complaint and Exhibits A–I, incorporated fully herein by reference. In brief: Defendants operated an illegal proxy-gambling enterprise, recruited Plaintiff through false job postings, used his Pennsylvania bank account and casino accounts for remote wagering, stole his funds, and filed a lawsuit in Maryland confessing to felony proxy gambling (Exhibit A, ¶10). Plaintiff seeks treble damages, punitive damages, and injunctive relief in excess of **$25,000,000**.

**SIGNATURE** */s/ Vishal Birsingh*

**Vishal Birsingh**
837 Ashworth Lane Boalsburg,
PA 16827
347-433-9391

Date: December 4, 2025

## INTRODUCTION

This is a civil RICO action against an international organized-crime enterprise that recruits U.S. residents as gambling mules, hijacks their new-player casino bonuses, launders the proceeds through U.S. banks, and then uses American courts to extort the victims who refuse to surrender their winnings.

The enterprise's own sworn court filing — filed in Maryland state court on November 11, 2025 (Case No. C-15-CV-25-006191) — contains a verbatim confession to felony proxy gambling in four states. That confession is attached as **Exhibit A** and quoted throughout this Complaint.

Plaintiff Vishal Birsingh was one of those mules. When he discovered the scheme and refused to return $37,000 in winnings, Defendants sued him in Maryland and — in a verified complaint — confessed to every element of the crime.

## JURISDICTION AND VENUE

This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 (civil RICO) and supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events — all sixteen Pennsylvania casino accounts, all wagering, all bank transactions, and all injury — occurred in this district.

Personal jurisdiction over the UK defendant is proper because Ace High purposefully availed itself of Pennsylvania by recruiting a Pennsylvania resident, directing wagering in Pennsylvania casinos, and wiring funds to Pennsylvania banks.

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

PAGE 5 — PARTIES

**PARTIES**

Plaintiff Vishal Birsingh resides at 837 Ashworth Lane, Boalsburg, Centre County, Pennsylvania 16827.

Defendant Ace High Investments, LLP is a United Kingdom limited liability partnership with its principal place of business at 255a Hoxton Street, London N1 5LG, United Kingdom.

Defendant Little Wheel LLC is a New Jersey limited liability company with its principal place of business at 250 Pehle Ave, Suite 200, Saddle Brook, NJ 07663.

Defendant Jack Etherington is the managing member of both Ace High Investments, LLP and Little Wheel LLC and directs the day-to-day operations of the enterprise.

Defendant Henry A. Andrews is a partner at Kramon & Graham, P.A. in Baltimore, Maryland, and served as counsel of record for Ace High in Maryland Case No. C-15-CV-25-006191.

Defendant Lee David Vartan is a partner at Chiesa Shahinian & Giantomasi PC in Roseland, New Jersey, and served as counsel of record for Ace High in Maryland Case No. C-15-CV-25-006191.

PAGE 6 — FACTUAL ALLEGATIONS (PART 1)

**FACTUAL ALLEGATIONS**

In August 2025, Plaintiff was recruited via a fraudulent Indeed.com job posting for a purported "secret casino game tester" position offered by Defendant Little Wheel LLC.

Plaintiff was instructed to open a Bank of America account in Pennsylvania and provide login credentials to Defendant Jack Etherington.

Between August 22 and September 22, 2025, Defendants deposited $12,543.42 into Plaintiff's Pennsylvania bank account (Exhibit D) and directed all wagering activity while Plaintiff was physically located in Pennsylvania, New Jersey, Michigan, and West Virginia — constituting felony proxy gambling in each state.

Defendants used Plaintiff's new-player casino bonuses at sixteen (16) Pennsylvania-licensed online casinos, permanently disqualifying Plaintiff from $15,000–$20,000 in promotional value (Exhibit E).

PAGE 7 — FACTUAL ALLEGATIONS (PART 2)

On September 18, 2025, Defendants executed an unauthorized ACH debit of $1,215 from Plaintiff's account (Exhibit D).

On September 24, 2025, Defendants attempted an additional withdrawal of $13,092.77, which was blocked by Bank of America (Exhibit D).

When Plaintiff demanded cessation and disclosure, Defendants locked his dashboard access and threatened legal action.

On November 11, 2025, Defendants filed a verified complaint in the Circuit Court for Montgomery County, Maryland (Case No. C-15-CV-25-006191) seeking return of $37,000 in winnings.

In that Complaint, Defendants confessed:

"the Staking Sum ... would be used exclusively to play casino games at regulated online casinos while Birsingh was physically located within the States of Michigan, New Jersey, Pennsylvania, or West Virginia."

(Exhibit A, ¶10)

PAGE 8 — THE RICO ENTERPRISE

## THE RICO ENTERPRISE

Defendants Ace High Investments, LLP, Little Wheel LLC, Jack Etherington, Henry A. Andrews, and Lee David Vartan constitute an "association-in-fact" enterprise within the meaning of 18 U.S.C. § 1961(4).

The enterprise has a common purpose: to illegally profit from proxy gambling using U.S. residents as mules and to extort victims who refuse to surrender winnings.

The enterprise has operated continuously from at least 2021 through the present, with identical recruitment and extortion tactics used against multiple victims.

The enterprise has ascertainable structure and relationships among members:

Etherington directs recruitment and wagering (Exhibit F)

Ace High and Little Wheel hold funds and execute transactions (Exhibits B, C, D)

Andrews and Vartan enforce illegal debts through court filings (Exhibit A)

Boyle v. United States, 556 U.S. 938 (2009); United States v. Bergrin, 650 F.3d 257 (3d Cir. 2011).

PAGE 9 — PATTERN OF RACKETEERING ACTIVITY (PART 1)

## PATTERN OF RACKETEERING ACTIVITY

Defendants engaged in the following predicate acts, each constituting "racketeering activity" under 18 U.S.C. § 1961(1):

A. Wire Fraud (18 U.S.C. § 1343) — at least 30 emails and electronic instructions directing wagering and transfers (Exhibit F)

B. Money Laundering (18 U.S.C. § 1956) — movement of illegal proceeds through U.S. banks (Exhibit D)

C. Illegal Gambling Business (18 U.S.C. § 1955) — proxy operation across state lines (Exhibit A ¶10)

D. Mail Fraud (18 U.S.C. § 1341) — service of Maryland lawsuit (Exhibit G)

These acts are related by common participants, victims, purpose, and method. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989).

PAGE 10 — PATTERN OF RACKETEERING ACTIVITY (PART 2)

These acts demonstrate both closed-ended continuity (four-year duration, 2021–2025) and open-ended continuity (ongoing recruitment of victims). Tabas v. Tabas, 47 F.3d 1280 (3d Cir. 1995).

The pattern satisfies Rule 9(b) particularity: dates, amounts, senders, and content are documented in Exhibits D, F, and A. Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786 (3d Cir. 1984).

PAGE 11 — COUNT I – RICO § 1962(c)

## COUNT I

## VIOLATION OF 18 U.S.C. § 1962(c)

Plaintiff incorporates all prior paragraphs and exhibits.

Defendants constitute an "association-in-fact" enterprise with common purpose, continuity, and structure. Boyle v. United States, 556 U.S. 938 (2009).

Each Defendant conducted or participated in the conduct of the enterprise's affairs:

Etherington directed wagering (Exhibit F)

Ace High/Little Wheel funded and controlled accounts (Exhibits B, C, D)

Andrews and Vartan operated the extortion phase by filing suit to enforce illegal debts (Exhibit A)

United States v. Console, 13 F.3d 641 (3d Cir. 1993).

Defendants engaged in a pattern of racketeering activity consisting of wire fraud, money laundering, illegal gambling business, and mail fraud (¶¶ 26–29).

Plaintiff was injured in his business or property by reason of these predicate acts, including:

$1,215 unauthorized debit (Exhibit D)

Attempted $13,092.77 theft (Exhibit D)

Permanent loss of $15,000–$20,000 in casino bonuses (Exhibit E)

Maio v. Aetna, 221 F.3d 472 (3d Cir. 2000).

PAGE 12 — COUNT II – RICO CONSPIRACY

**COUNT II**

**CONSPIRACY TO VIOLATE RICO § 1962(d)**

Plaintiff incorporates all prior paragraphs.

Defendants knowingly agreed to conduct the enterprise through a pattern of racketeering activity.

Overt acts in furtherance include:

Execution of Backing and Debit Agreements (Exhibits B & C)

Wire transfers and wagering instructions (Exhibits D & F)

Filing of Maryland lawsuit (Exhibit A)

Plaintiff was injured by reason of the conspiracy. Smith v. Berg, 247 F.3d 532 (3d Cir. 2001).

PAGE 13 — COUNT III – PA CORRUPT ORGANIZATIONS ACT

**COUNT III**

**PENNSYLVANIA CORRUPT ORGANIZATIONS ACT**

**18 Pa.C.S. § 911**

Plaintiff incorporates all prior paragraphs.

Defendants constitute an enterprise under Pennsylvania law with the same pattern of racketeering.

Plaintiff was injured in Pennsylvania by violations of § 911. Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996).

**COUNT IV**

**COMMON-LAW FRAUD**

Defendants misrepresented the "game testing" position as legitimate employment (Exhibit F).

Plaintiff justifiably relied by providing bank access and participating.

Defendants knew the representations were false.

Plaintiff suffered damages. Gibbs v. Ernst, 647 A.2d 882 (Pa. 1994).

———————————————————————

PAGE 15 — COUNT V – CONVERSION

**COUNT V**

**CONVERSION**

Defendants wrongfully exercised dominion over Plaintiff's $1,215 (Exhibit D).

Plaintiff demanded return; Defendants refused.

Stevenson v. Economy Bank, 197 A.2d 721 (Pa. 1964).

———————————————————————

PAGE 16 — COUNT VI – ABUSE OF PROCESS

**COUNT VI**

**ABUSE OF PROCESS**

The Maryland lawsuit (Exhibit A) was filed to extort repayment of illegal winnings.

Filing suit to enforce a felony gambling debt is abuse of process. Shiner v. Moriarty, 706 A.2d 1228 (Pa. Super. 1998).

---

PAGE 17 — COUNT VII – UTPCPL

**COUNT VII**

**PENNSYLVANIA UTPCPL**

73 P.S. § 201-2(4)

Defendants engaged in deceptive conduct in recruitment and bonus hijacking.

Plaintiff suffered ascertainable loss.

Treble damages and fees authorized. Gregg v. Ameriprise, 245 A.3d 637 (Pa. 2021).

―――――――――――――――――――――――――――――

PAGE 18 — COUNT VIII – CIVIL CONSPIRACY

**COUNT VIII**

**CIVIL CONSPIRACY**

Defendants agreed to commit unlawful acts with overt acts in furtherance.

Goldstein v. Phillip Morris, 854 A.2d 585 (Pa. Super. 2004).

_____

PAGE 19 — PRAYER FOR RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally:

A. Treble damages under 18 U.S.C. § 1964(c);

B. Treble damages under 18 Pa.C.S. § 911;

C. Treble damages under 73 P.S. § 201-9.2;

D. Compensatory damages in an amount to be determined at trial, but in no event less than Twelve Million Dollars ($12,000,000.00), representing actual losses, statutory damages, and punitive damages for willful conduct;

E. Permanent injunction;

F. Attorneys' fees, costs, interest;

G. Such other relief as the Court deems just.

JURY TRIAL DEMANDED

PAGE 20 --- VERIFICATION & SIGNATURE

**VERIFICATION**

I, Vishal Birsingh, declare under penalty of perjury that the foregoing is true and correct.

Executed: December 3, 2025

/s/ Vishal Birsingh

**Vishal Birsingh**

837 Ashworth Lane

Boalsburg, PA 16827

347-433-9391

PAGE 21 — LIST OF EXHIBITS

## LIST OF EXHIBITS

**Exhibit A** – Verified Complaint and all attached exhibits filed by Defendants in Ace High Investments, LLP v. Vishal Birsingh, Case No. C-15-CV-25-006191, Circuit Court for Montgomery County, Maryland (November 11, 2025) — Defendants' own sworn confession to felony proxy gambling (see ¶10).

**Exhibit B** – Backing Agreement (Defendants' Exhibit 1 in Maryland case) — illegal profit-sharing contract for proxy gambling.

**Exhibit C** – Debit Agreement (Defendants' Exhibit 3 in Maryland case) — authorization used for unauthorized withdrawals.

**Exhibit D** – Bank of America account statements (August–October 2025) — showing $12,543.42 credits from Ace High, $1,215 unauthorized debit on September 18, 2025, and attempted $13,092.77 withdrawal.

**Exhibit E** – Plaintiff's gambling log and casino transaction records — documenting $37,000+ winnings and permanent loss of $15,000–$20,000 in new-player bonuses.

**Exhibit F** – Email correspondence with Jack Etherington and Little Wheel personnel — directing wagering activity and confirming remote control.

**Exhibit G** – Affidavit of Service and mailing records from Maryland lawsuit — proving use of U.S. mail in extortion.

**Exhibit H** – Plaintiff's cease-and-desist demand letter (September 23, 2025) — establishing Defendants' knowledge and intent.

**Exhibit I** – Screenshots of Indeed.com job posting and victim reports (Reddit/forums) — evidencing ongoing recruitment of additional victims.

PAGE 22–30 — **EXHIBIT A** (MARYLAND CONFESSION — 43 PAGES)

PAGE 31–58 — **EXHIBITS B through I**

---

END OF COMPLAINT

PAGE 2 — TABLE OF CONTENTS

**TABLE OF CONTENTS**

Introduction ............................................................ 3

Jurisdiction and Venue ............................................... 4

Parties ................................................................... 5

Factual Allegations ................................................... 6

The RICO Enterprise .................................................11

Pattern of Racketeering Activity .................................. 13

Count I – 18 U.S.C. § 1962(c) .................................... 16

Count II – 18 U.S.C. § 1962(d) ................................... 18

Count III – Pennsylvania Corrupt Organizations Act ..................... 19

Count IV – Common-Law Fraud ............................................... 20

Count V – Conversion ......................................................... 21

Count VI – Abuse of Process ................................................. 22

Count VII – Pennsylvania UTPCPL ......................................... 23

Count VIII – Civil Conspiracy ............................................... 24

Prayer for Relief ............................................................. 25

Verification .................................................................... 26

List of Exhibits ............................................................... 27