# EXHIBIT A



**KRAMON & GRAHAM**
ATTORNEYS AT LAW

Henry A. Andrews
410.319.0502
667.677.9603 Fax
handrews@kg-law.com

November 17, 2025

**HAND DELIVERY**

Vishal Birsingh
837 Ashworth Lane
Boalsburg, PA  16827

    Re: Ace High Investments, LLP v. Vishal Birsingh

Dear Mr. Birsingh:

I represent Ace High Investments in the above matter.

Attached please find the following:

1. Complaint;

2. Civil - Non-Domestic Case Information Sheet;

3. Writ of Summons;

4. Scheduling Order; and

5. A blank Civil - Non-Domestic Case Information Sheet.

            Sincerely,

            Henry A. Andrews

HAA/dmb
Enclosures

Kramon & Graham, P.A.  |  750 East Pratt Street  |  Suite 1100  |  Baltimore, MD  21202  |  (410) 752-6030  |  www.kramonandgraham.com

IN THE CIRCUIT COURT
FOR MONTGOMERY COUNTY

| | | |
|---|---|---|
| ACE HIGH INVESTMENTS, LLP<br>255a Hoxton Street<br>London, United Kingdom, N1 5LG | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO:<br>C-15-CV-25-006191 |
| VISHAL BIRSINGH<br>837 Ashworth Lane<br>Boalsburg, PA 16827 | * | |
| | * | |
| Defendant | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Ace High Investments, LLP ("Ace High" or "Plaintiff"), by its undersigned counsel, sues Defendant, Vishal Birsingh (" Birsingh" or "Defendant"), and states as follows:

### Parties

1. Ace High Investments, LLP is a United Kingdom Limited Liability Partnership.

2. Birsingh is a Pennsylvania citizen who began operating as one of Ace High's independent contractors on August 15, 2025.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to contract. Specifically, Ace High and Birsingh entered into a contract ("the Backing Agreement") in August 2025.

A copy of the Backing Agreement is attached hereto as Exhibit 1. Section 26 of the Backing Agreement states, in pertinent part:

> This Agreement shall be governed by and interpreted in accordance with the laws of the State of Maryland, without regard to its conflicts of law provisions. The Parties further agree that all disputes relating to the enforcement of any obligations arising under this Agreement, or otherwise relating to this Agreement, shall be subject to the exclusive jurisdiction and venue of the state or federal courts located in or having jurisdiction over Montgomery County, Maryland and that the Parties shall be subject to the personal jurisdiction of those courts.

4. Venue is proper pursuant to Maryland Code § 6-202 of the Courts and Judicial Proceedings Article and Section 26 of the Backing Agreement.

### Statement of Facts

5. Pursuant to a set of contracts that consists of a Backing Agreement, Debit Agreement, and Confidentiality Agreement, Ace High provides independent contractors physically located within the States of Michigan, New Jersey, Pennsylvania, or West Virginia, with proprietary casino wagering strategies and the initial capital to employ the strategies at certain online casinos.

6. In exchange, Ace High and the independent contractors share in the profits the independent contractors generate using Ace High's proprietary gambling strategies.

7. Ace High and Birsingh entered into the Backing Agreement on August 15, 2025. *See* Exhibit 1.

8. Section 10 of the Backing Agreement requires, as does the Confidentiality Agreement between Birsingh and Ace High's affiliate, that Birsingh keep Ace High's property casino wagering strategies "absolutely confidential." A copy of the Confidentiality Agreement is attached hereto as Exhibit 2.

9. Pursuant to Sections 1 and 2 of the Backing Agreement, Ace High transferred to Birsingh funds (the "Staking Sum") that were placed into a bank account opened by Birsingh for the purpose of receiving the Staking Sum (the "Staking Sum Account"). Birsingh was also required to allow Ace High to monitor the Staking Sum Account.

10. Section 4 of the Backing Agreement provides that the Staking Sum -- together with any net profit Birsingh realized as a result of his gambling and any subsequent deposits Ace High made into the Staking Sum Account -- would be used exclusively to play casino games at regulated online casinos while Birsingh was physically located within the States of Michigan, New Jersey, Pennsylvania, or West Virginia.

11. Section 3 of the Backing Agreement provides additionally that "[a]t no time shall [Birsingh] hold any interest other than bare legal title to the Staking Sum, and under no circumstances shall [Birsingh] ever be entitled to receive, retain, or utilize the Staking Sum except as expressly set forth herein."

12. In addition to the Backing Agreement, Birsingh, on August 19, 2025, signed the ACH Debit Agreement (the "Debit Agreement"), which allowed Ace High to debit Birsingh's Staking Sum Account. A copy of the Debit Agreement is attached hereto as Exhibit 3.

13. The Debit Agreement provided that Ace High would debit the Staking Sum Account approximately once a week until completion of the Backing Agreement. Ex. 3. The Debit Agreement additionally provided that Ace High would determine the debit amounts by calculating the "[e]xcess funds above those required to fulfil[l] the Backing Agreement[.]" *Id.*

14. On September 23, 2025, Birsingh threatened to publicize Ace High's proprietary and confidential information unless Ace High acceded to Birsingh's various demands : (a) to delete his personal data (which Birsingh voluntarily provided for the purposes of entering into a business relationality with Ace High, and which Ace High has at all times securely maintained);— and (b) to pay Birsingh an unspecified amount. *See* attached Exhibit 4.

15. On September 24, 2025, Ace High, in accordance with the Debit Agreement and Section 11 of the Backing Agreement, requested that Birsingh return $13,092.77 of the Staking Sum via AHC debit.

16. Birsingh did not return the $13,092.77.

17. Instead, Birsingh asserted in an email that the Backing Agreement was not enforceable and demanded that Ace High pay him $31,000 to $36,000 and not pursue any claims against Birsingh. *See* attached Exhibit 5. Birsingh also threatened to make false complaints regarding Ace High to federal and state authorities if Ace High did not capitulate to his wrongful demands. *See id.*

18. In direct violation of the Backing Agreement and Debit Agreement, Birsingh also submitted a stop payment request to his bank to prevent the bank from processing Ace High's debit to the Staking Sum Account.

19. In direct violation of the Backing Agreement and Debit Agreement, on September 25, 2025 Birsingh began withdrawing funds from the Staking Sum Account and transferring those withdrawn funds into his personal bank account. *See* attached Exhibit 6, Staking Sum Account transaction log (transactions listed in red).

20. From September 25, 2025 to October 21, 2025, Birsingh made twenty (20) separate withdrawals from the Staking Sum Account, using the funds for various unauthorized purposes, including fast food purchases; rent payments; and phone payments. *See id.*

21. Birsingh's twenty (20) withdrawal transactions totaled $36,124.02.

22. Birsingh's breaches of the Backing Agreement and Debit Agreement, and his threats to breach the Confidentiality Agreement, terminated the Backing Agreement, thereby requiring that Birsingh:

> immediately tender the whole of the Staking Sum together with any Net Profit minus any Completion Bonus being deemed due and owing - to [Ace High] without demand, protest, or delay and in no event shall [Birsingh] wait more than seven (7) calendar days to tender such sum to [Ace High]. For the avoidance of doubt, [Birsingh] must use all best efforts to tender the whole of the Staking Sum together with any Net Profit minus any Completion Bonus being deemed due and owing - to [Ace High], without demand or protest, within seven (7) calendar days of the termination of this Agreement.

Ex. 1 at § 21.

23. Birsingh has never tendered the requisite amount — $36,864.37 — to Ace High.

## CAUSES OF ACTION

### Count I
### Breach of Contract

24. The allegations of the preceding paragraphs are incorporated herein by reference.

25. Ace High contracted with Birsingh with the understanding that Birsingh would use the funds in the Staking Sum Account exclusively to play pre-approved casino games at regulated online casinos.

26. The Backing Agreement, Debit Agreement, and Confidentiality Agreement are valid and enforceable contracts.

27. Ace High has performed all its obligations under those contracts.

28. Birsingh has breached those contracts by (a) withdrawing or transferring funds from the Staking Sum Account for his personal use or gain; (b) preventing Ace High from debiting the Staking Sum Account; and (c) failing to tender the Staking Sum plus Net Profits to Ace High within seven (7) days of Birsingh terminating the Backing Agreement.

29. As a result of these breaches of contract, Ace High has suffered monetary damages.

30. Section 27 of the Backing Agreement provides:

Should either Party fail to perform his or her obligations under this Agreement, and the other Party is forced to take legal action to collect monies due and owing or to enforce the provisions of this Agreement (including the confidentiality provisions), the prevailing Party in such legal action shall be entitled to payment of his or her full attorneys' fees and suit costs unless the trial court shall find such an award to be inequitable in nature.

31. In addition to an award of compensatory damages, Ace High seeks its costs and attorneys' fees incurred in prosecuting this action.

WHEREFORE, Ace High demands judgment against Birsingh for:

(A)   compensatory damages in the amount of $36,864.37;

(B)   pre-judgment and post-judgment interest,

(C) reasonable attorneys' fees and the costs and expenses incurred and to be incurred in the prosecution of this action; and

(D) such other and further relief as may appear just and proper.

## Count II
## Unjust Enrichment

32. The allegations of preceding paragraphs 1 - 23 are incorporated herein by reference.

33. Ace High conferred a benefit on Birsingh by providing him the Staking Sum and Ace High's proprietary and confidential gaming strategies to play online casino games free from personal financial risk.

34. Birsingh had full knowledge that Ace High provided him with the Staking Sum and proprietary and confidential gaming strategies to use exclusively on online casino games for the benefit of Ace High and Birsingh.

35. Birsingh used Ace High's proprietary and confidential gaming strategies and has kept the Staking Sum and subsequent profits in an unauthorized manner and for his sole personal benefit.

36. Under the circumstances, it would be inequitable for Birsingh to keep the Staking Sum and the profits earned using the Staking Sum and Ace High's proprietary and confidential gaming strategies without reimbursing Ace High.

WHEREFORE, Ace High demands judgment against Birsingh for:

(A) compensatory damages in the amount of $36,864.37;

(B) pre-judgment and post-judgment interest and the costs, expenses, and reasonable attorneys' fees incurred and to be incurred in the prosecution of this action; and

(C) such other and further relief as may appear just and proper.

Dated: November 11, 2025

/s/ Henry A. Andrews
Henry A. Andrews (AIS #1512150016)
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
(410) 752-6030
(410) 539-1269
handrews@kg-law.com

*Counsel for Plaintiff Ace High Investments, LLP*

Of counsel:

Lee Vartan, Esquire
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 530-2107