**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

VISHAL BIRSINGH,

Plaintiff,

v.

ACE HIGH INVESTMENTS, LLP,

LITTLE WHEEL LLC,

JACK ETHERINGTON,

HENRY A. ANDREWS,

LEE DAVID VARTAN,

Defendants.

**Case No. 4:25-cv-02317-SAC**

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT LEE VARTAN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff Vishal Birsingh, pro se, opposes Defendant Lee Vartan's Motion to Dismiss (Doc. 15) and Brief in Support (Doc. 21). The motion fails because it ignores the single most damaging document in this case — Defendants' own sworn judicial admission in Exhibit A.

**PRELIMINARY STATEMENT**

1. In Exhibit A (Doc. 10-2, ¶10), Defendants admitted under oath:

> "the Staking Sum … would be used exclusively to play casino games at regulated online casinos **while Birsingh was physically located within the States of Michigan, New Jersey, Pennsylvania, or West Virginia. ** "

2. This is a binding judicial admission of felony proxy gambling under 4 Pa.C.S. § 13A03 and the laws of three other states. *Glick v. White Brook Farms*, 170 F.3d 386, 390 (3d Cir. 1999). Vartan is listed as counsel of record and "of counsel" on the Maryland complaint. An attorney who files a pleading containing an admission is bound by it.

3. Vartan filed and served this confession. His firm is listed as counsel. He is liable.

4. Vartan's 25-page brief never mentions this admission. That omission is not a defense — it is a concession. A judicial admission is conclusive and cannot be contradicted by later argument. *Glick*, 170 F.3d at 390.

---

**LEGAL STANDARD**

5. On a Rule 12(b)(6) motion, the Court accepts all well-pled facts as true and draws all inferences in Plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

6. Pro se pleadings receive liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

****ARGUMENT****

****I. PLAINTIFF HAS STANDING AND SUFFERED CONCRETE INJURIES****

7. Vartan argues Plaintiff lacks standing and has not alleged cognizable injuries. (Doc. 21 at 9-10, 14-17).

8. RICO standing requires: (1) injury to "business or property"; and (2) that the injury was proximately caused by a RICO violation. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

9. Plaintiff alleges concrete financial losses:

| **Injury** | **Amount** | **Exhibit** |
|---|---|---|
| Unauthorized ACH debit (actually stolen) | **$1,215** | Exhibit D (Doc. 10-5) |
| Attempted $13,092.77 theft (shows willfulness) | **$13,092.77** | Exhibit D (Doc. 10-5) |
| Permanently lost casino bonus value | **$15,000–$20,000* | Exhibit E (Doc. 10-6) |
| Hague Convention service costs | **$725** | Exhibit J (Doc. 10-11) |
| **Total Documented Losses** | **~$17,000–$22,000** | |

10. Vartan's argument that "$1,215 stolen is offset by $12k deposited" (Doc. 21 at 15) is legally irrelevant. The $12k was Defendants' money for THEIR illegal scheme. The $1,215 was Plaintiff's money. They stole it. The $1,215 theft is attributable to the enterprise's scheme. Under RICO, defendants are jointly and severally liable for injuries caused by the enterprise. *Banks v. Wolk*, 918 F.2d 418, 423 (3d Cir. 1990).

11. Lost casino bonuses have ascertainable value and constitute injury to property. Plaintiff is permanently disqualified from $15k–$20k in promotional value (Exhibit E, Doc. 10-6). Unlike the speculative losses in *Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (loss of earning capacity) and *McFadden v. City of Philadelphia*, 2018 WL 2370695, at *6 (E.D. Pa. May 23, 2018) (lost employment opportunities), Plaintiff's lost bonuses are documented in Exhibit E with specific amounts and dates. This is concrete loss, not opportunity cost.

****II. VARTAN COMMITTED PARTICULARIZED RICO PREDICATE ACTS****

12. Vartan claims Plaintiff failed to identify specific RICO predicates. (Doc. 21 at 11). This is false. The Amended Complaint explicitly alleges wire fraud (18 U.S.C. § 1343) and mail fraud (18 U.S.C. § 1341). (FAC ¶¶ 26-29).

13. ****Wire Fraud**:** To state wire fraud, a plaintiff must allege: (1) a scheme to defraud; (2) use of interstate wire communications in furtherance of the scheme; and (3) specific intent to defraud. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).

14. Rule 9(b) requires pleading the "circumstances of the alleged fraud" with particularity — the "date, time and place of the alleged fraud or otherwise inject precision." *Lum*, 361 F.3d at 223-24.

15. The Amended Complaint satisfies Rule 9(b) as to Vartan:

| **Element** | **Allegation** |
|---|---|
| **Who** | Vartan, as counsel of record, along with Andrews. |
| **What** | Filed and served the Maryland complaint containing a judicial admission of felony conduct (Exhibit A, Doc. 10-2, ¶10) and false representations seeking to enforce an illegal gambling debt. |
| **When** | Filed November 11, 2025; served on or about that date. |
| **Where** | Transmitted via interstate electronic filing system (CM/ECF) from New Jersey to Maryland. |
| **How** | Vartan used interstate wires to file the complaint and cause it to be served, furthering the enterprise's extortionate scheme. |

16. **Mail Fraud**: Exhibit G (Doc. 10-8) (Affidavit of Service) demonstrates the Maryland lawsuit was served on Plaintiff via U.S. Mail. Under Rule 11, an attorney who signs a pleading is responsible for its service. By filing the complaint, Vartan caused it to be served. *Fed. R. Civ. P. 11(a)*; *United States v. Bergrin*, 650 F.3d 257, 266 (3d Cir. 2011) (attorney liable for using mail to further fraud).

17. **Illegal Gambling Business** (18 U.S.C. § 1955): Exhibit A ¶10 and Exhibit K (Doc. 10-12) (UKGC email confirming no license) satisfy the elements. *United States v. Eufrasio*, 935 F.2d 553, 577 (3d Cir. 1991).

18. Vartan's reliance on *Ukasik v. McWilliams*, 2009 WL 3516441 (W.D. Pa. Oct. 29, 2009), is misplaced. *Ukasik* is not binding on this Court. Moreover, it is distinguishable because the plaintiff there identified no predicates — here, Plaintiff has identified § 1343, § 1341, and § 1955 with particularity.

**III. THE ENTERPRISE IS ADEQUATELY PLED**

19. Vartan argues Plaintiff fails to allege an enterprise or organizational structure. (Doc. 21 at 8, 10).

20. An "association-in-fact" enterprise under RICO requires only three features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).

21. The enterprise need not have a hierarchical structure or formal rules. *Boyle*, 556 U.S. at 948. An "enterprise" includes wholly illegitimate organizations. *United States v. Turkette*, 452 U.S. 576, 580-81 (1981).

22. The Amended Complaint alleges:

| **Element** | **Allegation** |
|---|---|
| **Purpose** | To illegally profit from proxy gambling using U.S. residents as mules and to extort victims (FAC ¶ 23) |
| **Relationships** | Etherington recruits/directs; Ace High/Little Wheel finances; Vartan/Andrews enforces (FAC ¶ 25) |
| **Longevity** | Operating since at least 2022 (Exhibit J, Doc. 10-11); ongoing recruitment (Exhibit I, Doc. 10-10) |

23. Exhibit J (Doc. 10-11) shows substantively identical lawsuits filed by Andrews and Vartan against other victims. This demonstrates a pattern of enforcement, not a one-off.

24. This is sufficient under *Boyle*.

**IV. A PATTERN OF RACKETEERING ACTIVITY IS ESTABLISHED**

25. Vartan argues no pattern exists because Plaintiff has not identified two predicate crimes. (Doc. 21 at 11).

26. A "pattern of racketeering activity" requires at least two related predicate acts that demonstrate continuity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

27. **Relatedness: ** All predicates serve the common purpose of operating and concealing the illegal gambling enterprise. The wire fraud (filing the complaint), mail fraud (serving it), and illegal gambling (their ¶10 admission) are all related by common participants, victims, and methods.

28. **Continuity: ** "Continuity" may be closed-ended (a series of related predicates over a substantial period) or open-ended (a threat of continuing criminal activity). *H.J. Inc.*, 492 U.S. at 241-42.

29. Exhibit J (Doc. 10-11) shows Defendants have filed substantively identical lawsuits against multiple victims dating back to at least 2022. Exhibit J is a compilation of public court records. The Court may take judicial notice of these filings. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999). This establishes closed-ended continuity. *Tabas v. Tabas*, 47 F.3d 1280, 1293 (3d Cir. 1995) (multiple schemes/victims establish pattern).

30. Exhibit I (Doc. 10-10) shows ongoing recruitment of victims. The posting remained active after Plaintiff's involvement, as evidenced by victim reports on Reddit/forums (Exhibit I). This demonstrates open-ended continuity — the threat of continued recruitment.

**V. VARTAN IS LIABLE UNDER *REVES* AND *BERGRIN***

31. Vartan argues he provided only "routine legal representation" and is not liable under *Reves v. Ernst & Young*, 507 U.S. 170 (1993). (Doc. 21 at 2, 4).

32. Under *Reves*, an "outsider" may be liable for "conducting" an enterprise's affairs if they "participate in the operation or management of the enterprise itself." *Reves*, 507 U.S. at 179.

33. The Third Circuit has squarely held that attorneys who use their law licenses to further a fraudulent scheme fall within *Reves*. *United States v. Bergrin*, 650 F.3d 257, 266 (3d Cir. 2011).

34. In *Bergrin*, the Third Circuit held that an attorney's "professional acts" can constitute participation in a racketeering enterprise. *Bergrin*, 650 F.3d at 266-67.

35. Vartan did far more than advise:

- He filed a complaint containing a judicial admission of felony conduct (Exhibit A, Doc. 10-2, ¶10)
- He has filed substantively identical lawsuits against multiple victims (Exhibit J, Doc. 10-11)
- He knew or should have known the enterprise was illegal (Exhibit K, Doc. 10-12 — UKGC confirms no license)

- Vartan, as counsel for the enterprise, had access to and reviewed the Backing and Debit Agreements (Exhibits B, C, Docs. 10-3, 10-4). His filing of the Maryland complaint to enforce those agreements demonstrates his knowing participation in the scheme.

36. This is not "routine legal representation." This is participation in the operation and management of a criminal enterprise.

**VI. PROXIMATE CAUSE IS SATISFIED**

37. Vartan argues no causal connection exists between his actions and Plaintiff's injuries. (Doc. 21 at 17-19).

38. "To state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense not only was a 'but for' cause of his injury but was the proximate cause as well." *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010).

39. Proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992).

40. Vartan's conduct directly caused identifiable injuries:

- Vartan's filing of the Maryland complaint forced Plaintiff to defend against a fraudulent lawsuit, incurring legal costs and emotional distress.

- The filing itself is a predicate act of mail and wire fraud, injuring Plaintiff by furthering the enterprise's extortionate scheme.

- The filing directly caused Plaintiff to incur $725 in Hague service costs to serve co-defendant Ace High (Exhibit J, Doc. 10-11).

41. This is direct causation. No "independent actions of third parties" separate Vartan's conduct from Plaintiff's injuries. *Hemi Group*, 559 U.S. at 10.

**VII. THE STATE LAW CLAIMS ARE SUFFICIENTLY PLED**

42. To the extent Vartan seeks dismissal of the state law claims, they are adequately pled:

- **Common Law Fraud:** Defendants misrepresented the "game testing" position as legitimate employment (Exhibit F, Doc. 10-7), Plaintiff justifiably relied, Defendants knew the representations were false, and Plaintiff suffered damages. *Gibbs v. Ernst*, 647 A.2d 882 (Pa. 1994).

- **Conversion:** Defendants wrongfully exercised dominion over Plaintiff's $1,215 (Exhibit D, Doc. 10-5), Plaintiff demanded return, and Defendants refused. *Stevenson v. Economy Bank*, 197 A.2d 721 (Pa. 1964).

- **Abuse of Process:** The Maryland lawsuit (Exhibit A, Doc. 10-2) was filed to extort repayment of illegal winnings. Filing suit to enforce a felony gambling debt is abuse of process. *Shiner v. Moriarty*, 706 A.2d 1228 (Pa. Super. 1998).

- **Pennsylvania UTPCPL:** Defendants engaged in deceptive conduct in recruitment and bonus hijacking. Plaintiff suffered ascertainable loss. *Gregg v. Ameriprise*, 245 A.3d 637 (Pa. 2021).

- **Civil Conspiracy:** Defendants agreed to commit unlawful acts with overt acts in furtherance. *Goldstein v. Phillip Morris*, 854 A.2d 585 (Pa. Super. 2004).

**VIII. NO ABSTENTION APPLIES**

43. To the extent Vartan implicitly argues abstention, it fails. *Younger* abstention applies only to ongoing state criminal proceedings. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). The Maryland case is a civil contract dispute — not an exceptional circumstance warranting abstention. *Malhan v. Sec'y U.S. Dept. of State*, 938 F.3d 453, 462 (3d Cir. 2019).

**IX. LEAVE TO AMEND**

44. If the Court finds any deficiency in the Amended Complaint, Plaintiff respectfully requests leave to amend under Fed. R. Civ. P. 15(a)(2), which mandates that leave be "freely given." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

45. Plaintiff has already demonstrated the ability to cure defects by filing the First Amended Complaint. Any deficiencies can be cured by amendment. For example, if the Court finds the allegations against Vartan insufficient, Plaintiff can amend to add specific dates, communications, or other details within Vartan's knowledge. *Phillips*, 515 F.3d at 245. Any further amendment would not be futile.

---

****CONCLUSION****

WHEREFORE, Plaintiff respectfully requests that the Court:

A. DENY Defendant Vartan's Motion to Dismiss (Doc. 15) in its entirety;

B. In the alternative, GRANT Plaintiff leave to file a Second Amended Complaint;

C. Award such other relief as the Court deems just.

Respectfully submitted,

/s/ Vishal Birsingh

Vishal Birsingh, Pro Se

837 Ashworth Lane

Boalsburg, PA 16827

(347) 433-9391

vbirsingh@hotmail.com

Dated: March 18, 2026

**CERTIFICATE OF SERVICE**

I, Vishal Birsingh, certify that on March 18, 2026, I served a true and correct copy of the foregoing Opposition to Defendant Vartan's Motion to Dismiss upon all parties of record by:

☐ First-Class Mail (for non-ECF parties)

☐ ECF filing system (for registered users)

/s/ Vishal Birsingh

Vishal Birsingh

---